UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLNEY REYNOLDS,

                Plaintiff,

    -against-

COUNTY OF WESTCHESTER and
JOSEPH A. STOUT, Individually and in
his official capacity as COMMISSIONER,
DEPARTMENT OF PARKS, RECREATION
& CONSERVATION,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

03 Civ. 9349 (GAY)

Plaintiff Olney Reynolds commenced this action against the County of Westchester and Joseph Stout, Commissioner, Department of Parks, Recreation and Conservation, alleging employment discrimination on the basis of race and retaliation pursuant to 42 U.S.C. §§ 1981 and 1983, 42 U.S.C. § 2000e *et seq*., New York State Human Rights Law ("HRL"), N.Y. Exec. Law § 296 and the New York State Constitution. Plaintiff specifically alleges that the County failed to promote him to the position of Assistant Manager, County Center Operations because of his race and in retaliation for his previous complaint against the County and Robert Reno, General Manager of the County Center. Presently before this Court is plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").[1] For the reasons set forth below, plaintiff's motion is denied.

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists. LaFond v. General Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995). "[T]he movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial." FRCP 56(e).

When deciding a summary judgment motion, the court must "'resolve all ambiguities and inferences . . . in the light most favorable to the party opposing the motion.'" Neratko v. Frank, 31 F. Supp. 2d 270, 278 (W.D.N.Y. 1998) (quoting Shockley v. Vermont State Colleges, 793 F.2d 478, 481 (2d Cir. 1986)). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Plaintiff contends he is entitled to summary judgment on his claim for failure to promote on the basis of race because "[d]efendants admit all the essential elements of

the violations." Plaintiff's Notice of Motion at 23. Contrary to plaintiff's contentions, based upon a review of the record, questions of fact exist which preclude summary judgment including, but not limited to, whether his race was a motivating factor in defendants' decision not to promote him. Accordingly, plaintiff's motion for summary judgment is **DENIED**.

A telephone conference will be conducted on August 4, 2005 at 9:30 a.m. Plaintiff shall initiate the call.

Dated: July 19, 2005
White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.

Copies of the foregoing have been sent to:

Richard Merritt, Esq.
Stuart Kahan, Esq.